# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO

IN RE:

CASIANO COMMUNICATIONS INC
DIRECT RESPONSOURCE INC
[CONSOLIDATED DEBTORS]

CASE NO.  14-08258
Chapter 11

Debtor(s)

FILED & ENTERED ON 07/29/2015

## OPINION & ORDER

Before the court is the interpretation of a specific contractual clause contained in the Loan Agreement dated November 12, 2014 ("Agreement") between the parties Casiano Communications, Inc. ("Debtor") and Encanto Group, LLC ("Encanto") concerning the 'right of first refusal' as defined in section 2.12 of the Agreement. Creditor contends that the 'right of first refusal' survives after full payment of the amounts owed.  The court specifically reviews subparagraphs 2.12 (right of first refusal), 4.1 (affirmative covenants), 4.2 (negative covenants), and 5.3 (remedies cumulative, in the events of default) and related motions by the parties.

### I. Legal Analysis

Article 1210 of the Civil Code establishes that "[c]ontracts are perfected by mere consent, and from that time are binding, not only in regard to the fulfillment of what has been expressly

1

stipulated, but with regard to all consequences which, according to their character, are in accordance with good faith, use, and law." 31 L.P.R.A. § 3375. It is well settled under Puerto Rico law that a contract is in existence between two parties when the following conditions are met (1) the consent of the contracting parties; (2) a definite object which may be the subject of the contract; and (3) the cause for the obligation, which may be established. See, Article 1313 of the Civil Code, 31 L.P.R.A. § 3391; Citibank Global Markets, Inc v. Santana, 573 F.3d 17, 24 (1st Cir.2009). In addition, Articles 1233 and 1234 of the Puerto Rico Civil Code govern the interpretation of a contract. Adria Int'l Grp., Inc. v. Ferre Dev., Inc., 241 F.3d 103, 109 (1st Cir.2001). Puerto Rico law provides: "If the terms of a contract are clear and leave no doubt as to the intentions of the contracting parties, the literal sense of its stipulations shall be observed. If the words should appear contrary to the evident intention of the contracting parties, the intention shall prevail." P.R. Laws Ann. tit. 31, § 3471. Thus, courts are called upon to enforce the literal sense of a contract unless the language is somehow contrary to the parties' intent. Hopgood v. Merrill Lynch, 839 F.Supp. 98, 104 (D.P.R.1993). It is undisputed that the contractual provisions of the Agreement defined and controlled the legal relationship between Debtor and Encanto. Moreover, the Agreement stipulated the terms and conditions under which Encanto would provide post petition financing for Debtor.

The court now examines three separate articles in the Agreement to determine if the 'right of first refusal' survives the full payment of the loan to the creditor. The first condition established in both subparagraphs 4.1 and 4.2 under Article IV "Covenants of the Borrower' is "[s]o long as the

2

Term Loan shall remain unpaid…" the borrower is obliged perform affirmative covenants and refrain from negative covenants. Moreover, the terms of subparagraphs 4.1 and 4.2 are construed as secondary to the condition that the 'term loan' remains unpaid. Subparagraph 5.3 under Article V 'Events of Default' specifically refers to the cumulative remedies that the Creditor has against Debtors' collateral in "satisfaction of the obligations or the obligations have been paid in full."

Subparagraph 2.12 regarding creditor's 'right of first refusal,' under Article II 'Amounts and Terms of the Term Loan' must be interpreted in accordance with the entire Agreement. The Agreement is first and foremost a loan document whose primary function is to provide remedies to Encanto in the event of Debtors' default with regards to the monies owed. The 'right of first refusal' clause has no independent existence once the term of the Agreement has expired and payment has been satisfied. Nothing in subparagraph 2.12, or in any other section of the Agreement, plainly states that this particular right shall survive the termination of the Agreement. Id. Once the primary obligation is extinguished, *i.e.* the loan is paid in full, the Agreement terminates of its own accord.

Encanto argues that Debtors conferred the 'right of first refusal' in exchange for providing post-petition lending "when no other party would" and is not conditioned on the existence of the outstanding debt. See, Encanto's Motion Dkt. No. 232. This statement, oft repeated by Encanto at the hearing held on July 29, 2015, fails under the prohibitions of the parole evidence rule and the specific language in subparagraph 6.9 of the Agreement.[1] That notwithstanding, Encanto's stance that their 'right of first refusal' survives *ad infinitum* after the termination of the Agreement, either through Debtor's default or full payment of the monies owed, would lead to an absurd legal conclusion.

**IV. Conclusion**

WHEREFORE, IT IS DETERMINED that Encanto's 'right of first refusal' would be extinguished with the full payment of the amounts owed pursuant to the terms of the Agreement.

SO ORDERED

San Juan, Puerto Rico, this 29th day of July, 2015.

Brian K. Tester
U.S. Bankruptcy Judge

---

[1] Generally, the parol evidence rule is a substantive common law rule in contract cases that prevents a party to a written contract from presenting extrinsic evidence that discloses an ambiguity and clarifies it or adds to the written terms of the contract that appears to be whole. This 'rule' is contained in subparagraph 6.9 of the Agreement which states in relevant part:

"The Loan Documents are intended by the parties hereto as a final and complete Expression of the terms of the matters contemplated thereby and no course of dealing between the parties, no course of performance, no trade practices, and no evidence of prior, contemporaneous or subsequent oral agreements or discussions or other extrinsic evidence of any nature shall be used to contradict, vary, supplement or modify any term of the Loan Documents. There are no oral agreements between the parties."