**IN THE UNITED STATES BANKRUPTCY COURT FOR**
**THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 14-08258** |
| **CASIANO COMMUNICATIONS INC** | **Chapter 11** |
| **DIRECT RESPONSOURCE INC** | |
| **Consolidated Debtors** | |
| | **FILED & ENTERED ON 9/21/2015** |

**OPINION & ORDER**

This proceeding is before the court upon creditor Encanto Group, LLC's ("Encanto") *Motion to Alter and Amend Order filed and entered on August 20, 2015* [Dkt. No. 348], creditor Ferrer Faass & Co., LLC's ("FFC") *Opposition* [Dkt. No. 382], *Debtors' Opposition* [Dkt. No. 383], and creditor Banco de Desarrollo Economico for Puerto Rico's ("BDE*") Opposition* [Dkt. No. 388]. In essence, Encanto requests that the court reconsider its findings which determined that the Debtors' Disclosure Statement, which contains FFC's purchase offer, is the best and highest bid [Dkt. No. 318]. For the reasons set forth below, Encanto's Motion to Alter or Amend Order is hereby denied.

"A 'motion to reconsider' is not among the motions recognized by the Federal Rules of Civil Procedure." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991). The federal courts

1

have consistently stated that a motion so denominated which challenges the prior judgment on the merits will be treated as either a motion 'to alter or amend' under FRCP 59 or a motion for 'relief from judgment' under FRCP 60. Equity Security Holders' Committee v. Wedgestone Financial, 152 B.R. 786, 788 (Bkrtcy.D.Mass.1993). "These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies depends essentially on the time a motion is served. In the instant case, Encanto's motion was filed fourteen (14) days after the court's August 20, 2015 Opinion & Order (the "Opinion & Order"). Therefore, the motion will be construed as one pursuant to FRCP 59(e) which is made applicable to bankruptcy cases by Fed. R. Bankr. P. 9023.

In seeking reconsideration, "the moving party must either clearly establish a manifest error of law or must present newly discovered evidence." Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (*quoting* Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 n.2 (1st Cir. 2004)). The First Circuit in Marie also cited a leading treatise, highlighting the following four grounds for granting a motion for reconsideration under Fed. R. Bankr. P. 59(e): (1) manifest errors of law and fact; (2) newly discovered or previously unavailable evidence; (3) manifest injustice; and, (4)an intervening change in controlling law. 402 F.3d at 7 (*citing* 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995)). Under Rule 59, reconsideration of a judgment is an extraordinary remedy, which is used sparingly and only when the need for justice outweighs the interests set forth by a final judgment.

Encanto argues that the court relied on certain factors to establish a difference between FFC's

2

and Encanto's proposals that led to an inadequate interpretation, where the alleged differences were not substantial, and that ultimately, any such distinctions should have been brought before the creditors to vote on the competing plans. Encanto further asserts that the financial depth of Encanto, and the experience in the call center industry of Legacy and Encanto make its proposal far superior than the FFC proposal, since the amounts to be paid to creditors are very similar, and the likelihood of success of the Encanto plan is much higher given the experience, contacts and existing business of the parties involved in the Encanto plan.

In order to conserve the limited judicial resources available to the court, particularly in light of the large number of contested issues in this instant case, the court hereby adopts the finding of facts and conclusions of law contained in the oppositions filed by FFC, Debtors and BDE [Dkt. No.'s 382, 383, 388]. The court agrees that Encanto has not met the burden under Fed. R. Bankr. P. 9023 as set forth in Marie.

The court determines that Encanto has failed to articulate a basis to reconsider or request any appropriate relief. Rule 59(e) does not exist to allow parties a second chance to prevail on the merits. Harley-Davidson Motor Co. v. Bank of New England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990). A party cannot use a Rule 59(e) motion to cure its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented originally to the court. Aybar, et al. v. Crispin–Reyes, 118 F.3d 10, 16 (1st Cir.1997). Each and every allegation made by Encanto in its motion to alter or amend could have and should have been raised

3

by Encanto prior to the entry of the Opinion & Order.  As the case law cited states, Encanto's use of a motion to reconsider as a vehicle "to undo its own procedural failures" and "advance new arguments" is explicitly prohibited in this District. This fact alone again merits the denial of the motion to alter and amend.

SO ORDERED

San Juan, Puerto Rico, this 21st day of September, 2015.

Brian K. Tester
U.S. Bankruptcy Judge

4